UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN THUNDAR GARCIA, | No. 2:20–cv–249–KJM–KJN (PS) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS WITH PREJUDICE |
| v. | (ECF Nos. 1, 2) |
| OSWALDO LOPEZ, | |
| Defendant. | |

Plaintiff, who proceeds in this action without counsel, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] Pursuant to 28 U.S.C. § 1915, the Court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

For the reasons discussed below, the Court concludes that Plaintiff's Complaint fails to state a claim on which relief may be granted, and that further leave to amend would be futile. As such, the Court recommends that the action be dismissed with prejudice and that Plaintiff's application to proceed in forma pauperis be denied as moot.

///

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

**Legal Standard**

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).

At the same time, pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984). Nevertheless, leave to amend need not be granted when further amendment would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

///

**Analysis**

Here, Plaintiff's Complaint is largely unintelligible. (ECF No. 1.) He appears to allege that Defendant Lopez, a "Sac. City Hall payroll clerk," failed to pay him "a lot money because my fellow soldiers sole checks and never returned any to me." (Id. at 2–3.) Plaintiff also appears to allege that some form of contract exists between the F.B.I., a tax county judge, and this court. (Id. at p. 4.) These allegations, such as the Court understands them, are legally frivolous, implausible on their face, and lack any indication they are grounded in reality. While the Court is sympathetic to Plaintiff's plight, such allegations simply lack an arguable basis in fact. See Neitzke, 490 U.S. at 325; Franklin, 745 F.2d at 1227–28. Ordinarily, the court liberally grants a pro se plaintiff leave to amend. However, because the record here shows that Plaintiff would be unable to cure the above-mentioned deficiencies through further amendment of the Complaint, the court concludes that granting leave to amend would be futile. Cahill, 80 F.3d at 339.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Complaint (ECF No. 1) be DISMISSED WITH PREJUDICE;
2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED AS MOOT;
3. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: February 20, 2020

garc.249

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3